**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DARIN PAUL DAWSON,**<br><br>**Defendant.** | **Case No. 26-CR-00266-SEH** |

**OPINION AND ORDER**

Before the Court is Defendant Darin Paul Dawson's motion to dismiss the Indictment for failing to state an offense, pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v). [ECF No. 20]. For the reasons provided below, the motion is denied.

## I. Background

A federal grand jury charged Dawson with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), and 924(e)(1). [ECF No. 2]. The face of the indictment lists 20 of Dawson's prior convictions and contains a separate sentencing allegation. [*Id.*]. Specifically, the grand jury charged:

On or about April 1, 2026, in the Northern District of Oklahoma, the defendant, **DARIN PAUL DAWSON**, knowing he had previously been convicted of at least one of the following crimes punishable by imprisonment for terms exceeding one year:

1. Manufacture of CDS, Case No. CF-2003-372A, in the District Court of Pittsburg County, State of Oklahoma, on August 26, 2003;
2. Unlawful Possession of Methamphetamine with Intent to Distribute (Count One), Case No. CF-2003-366A, in the District Court of Pittsburg County, State of Oklahoma, on August 26, 2003;
3. Possession of a Pseudoephedrine with Intent to Manufacture (Count Two), Case No. CF-2003-366A, in the District Court of Pittsburg County, State of Oklahoma, on August 26, 2003;
4. Unlawful Possession of Controlled Drug with Intent to Distribute (Count One), Case No. CF-96-15, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;
5. Weapon Use in Commission of Crime (Count Two), Case No. CF-96-15, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;
6. Knowingly Concealing Stolen Property (Count One), Case No. CF-95-237, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;
7. Knowingly Concealing Stolen Property (Count Two), Case No. CF-95-237, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;
8. Possession of Police Scanner in Use While in Commission of a Felony (Count Three), Case No. CF-95-237, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;
9. Weapon Use in Commission of Crime (Count Four), Case No. CF-95-237, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

10. Altering Vehicle Identification (Count Five), Case No. CF-95-237, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

11. Knowingly Concealing Stolen Property (Count Three), Case No. CF-95-177, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

12. Knowingly Concealing Stolen Property (Count Four), Case No. CF-95-177, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

13. Knowingly Concealing Stolen Property (Count Five), Case No. CF-95-177, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

14. Knowingly Concealing Stolen Property (Count Six), Case No. CF-95-177, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

15. Knowingly Concealing Stolen Property (Count Seven), Case No. CF-95-177, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

16. Knowingly Concealing Stolen Property (Count Eight), Case No. CF-95-177, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

17. Unlawful Cultivation of Marihuana, Case No. CF-95-175, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

18. Knowingly Concealing Stolen Property (Count One), Case No. CF-95-156, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002;

19. Knowingly Concealing Stolen Property (Count Two), Case No. CF-95-156, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002; and

20. Knowingly Concealing Stolen Property (Count Three), Case No. CF-95-156, in the District Court of Mayes County, State of Oklahoma, on April 9, 2002,

knowingly possessed in and affecting interstate and foreign commerce the following firearm and ammunition:

1. A Springfield (Savage Arms), Model 67H, 12-gauge shotgun, with no serial number identified; and

2. Nine shells of Federal, Winchester, and Estate branded 12-gauge shotgun shells.

> All in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(8), and 924(e)(1).
>
> **Sentencing Allegation**
>
> Before the defendant, **DARIN PAUL DAWSON**, committed the offense charged in this Indictment, he had at least three convictions for serious drug offenses which were committed on occasions different from one another.

[*Id.*].

Dawson moves to dismiss the indictment "on the basis that the included Sentencing Allegation fails to state an offense for which he can be charged." [ECF No. 20 at 3]. He argues that the indictment is "fatally flawed" because none of his prior convictions qualify under the categorical approach as predicate convictions supporting a sentencing enhancement under the Armed Career Criminal Act (ACCA). [*Id.*]. He contends that his state convictions cannot serve as predicates for the enhancement under the categorical approach described in *United States v. Cantu*, 964 F.3d 924 (10th Cir. 2020), because the Oklahoma controlled substance schedules in effect at the time of his alleged qualifying convictions defined "isomer" more broadly than the federal schedules during that period. [*Id.* at 5–6]. In support, Dawson attaches copies of the state and federal drug schedules from those years. [ECF Nos. 20-1, 20-2, 20-3]. He further argues that *United States v. De La*

*Torre*, 940 F.3d 938 (7th Cir. 2019) is analogous and attaches a copy of the opinion to his motion. [ECF No. 20 at 6–7; ECF No. 20-4].

In response, the government argues that Dawson's motion fails for two independent reasons: first, because the indictment sets forth every element of the charged offense and is sufficient on its face; and second, because the Court cannot reach the merits of Dawson's categorical-approach argument on a pretrial motion to dismiss. [ECF No. 23 at 2]. As to the sentencing allegation, the government argues that it is not subject to dismissal under Rule 12(b)(3)(B)(v) because it is not an element of a §922(g)(1) offense. [*Id.* at 5]. The government further maintains that whether prior convictions qualify as ACCA predicate offenses is a question of law, reserved for sentencing on a developed record. [*Id.* at 5–7]. As to the merits of Dawson's argument, the government claims that Dawson's categorical challenge cannot be resolved on the face of the indictment and does not establish that fewer than three predicates qualify. [*Id.* at 8–10]. Finally, the government asserts that Tenth Circuit precedent does not compel dismissal and that Dawson's out-of-circuit authority is not controlling. [*Id.* at 11–14].

In reply, Dawson argues that the government "misstates the law as it relates to *Cantu* and the categorical approach."[1] [ECF No. 27 at 1]. He

[1] The Court notes Dawson's request that the government's argument based on citations to *United States v. Zuniga-Chavez*, 464 F.3d 1199, 1204 (10th Cir. 2006) be

contends that statutes underlying his convictions are not "divisible" and therefore the modified-categorical approach is inapplicable and *Shepard*-approved documents are unnecessary. [*Id.* at 2]. Finally, Dawson argues, because *Cantu* found individual drug identities means rather than elements of a controlled substance offense, any overbroad Oklahoma drug schedule cannot support predicate convictions for an ACCA enhancement. [*Id.* at 3].

## II. Analysis

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quotation omitted). "[W]here the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it need not go further and allege in detail the factual proof that will be relied upon to support the charges." *United States v. Doe*, 572 F.3d 1162, 1173–74 (10th Cir. 2009) (quotation omitted); Fed. R. Crim. P. 7(c)(1).

Under Fed. R. Crim. P. 12(b)(3)(B)(v), a defendant may move to dismiss an indictment that "fails to state an offense." In evaluating such a motion, the

---

disregarded. [ECF No. 27 at 1]. The Court agrees that *Zuniga-Chavez* does not contain the language the government quotes. However, the proposition the government erroneously attributes to *Zuniga-Chavez* will not be disregarded, as Dawson requests, insofar as it is legally correct.

Court determines "whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *Todd*, 446 F.3d at 1068 (citations omitted). The Court's review is generally limited to the four corners of the indictment. *Id.* at 1067. "[A] pretrial dismissal is essentially a determination that, as a matter of law, the government is incapable of proving its case beyond a reasonable doubt." *United States v. Hall*, 20 F.3d 1084, 1088 (10th Cir. 1994).

Here, the indictment is sufficient on its face. Dawson is charged with possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). [ECF No. 2]. To convict on a § 922(g)(1) charge, the government must prove beyond a reasonable doubt: (1) that the defendant knowingly possessed a firearm or ammunition; (2) is a convicted felon; (3) that he knew he was convicted of a felony at the time he possessed a firearm or ammunition; and (4) before he possessed the firearm or ammunition, the firearm or ammunition moved at some time from one state to another or from a foreign country to the United States. Tenth Cir. Pattern Crim. Jury Instr. § 2.44; *see also Rehaif v. United States*, 588 U.S. 225, 237 (2019) ("[I]n a prosecution under 18 U.S.C. § 922(g) ... the Government must prove ... that [the defendant] knew he belonged to the relevant category of persons barred from possessing a firearm."). The indictment sufficiently sets forth these elements, puts Dawson on fair notice of the charge against which he must

defend, and enables him to assert a double jeopardy defense. Therefore, it states an offense and is not subject to dismissal under Rule 12(b)(3)(B)(v).

The indictment further lists penalty statutes. [ECF No. 2]. Section 924(e)(1) provides for an enhanced penalty under the ACCA and is applicable in cases where a person violates § 922(g) while having "three previous convictions … for a violent felony or a serious drug offense, or both, committed on occasions different from one another[.]" 18 U.S.C. § 924(e)(1). In *Erlinger v. United States*, the Supreme Court held that a defendant is entitled under the Fifth and Sixth Amendments to have a jury unanimously determine beyond a reasonable doubt whether his qualifying predicates for ACCA purposes were committed on occasions different from one another. 602 U.S. 821, 834–35 (2024). The government explains that the indictment contains the sentencing allegation section "to give Defendant fair notice of the government's intent to seek an ACCA-enhanced sentence and to place before a jury … the 'different occasions' determination the Constitution now requires." [*Id.* at 7]. The Court finds this appropriate. *See Erlinger*, 602 U.S. at 835, 847–48 (holding that a defendant is entitled to have a jury resolve the ACCA occasions inquiry unanimously and beyond a reasonable doubt).

The Court further agrees that Dawson "invokes the wrong procedural vehicle" to challenge the alleged sentencing enhancement. [ECF No. 23 at 2]. In the ACCA context, "neither the existence of prior convictions, nor their

classification … constitute facts that must be charged in an indictment and proven to a jury" beyond a reasonable doubt. *United States v. Serrano*, 406 F.3d 1208, 1220 (10th Cir. 2005) (cleaned up). Dawson's challenge is simply not ripe. Should he be convicted, his challenge as to whether his prior offenses qualify under the ACCA to enhance his sentence will be determined at sentencing.[2] *See Erlinger*, 602 U.S. at 826 (after the defendant pleaded guilty, the sentencing judge concluded that the ACCA applied); *see also Mathis v. United States*, 579 U.S. 500, 511–12 (2016) (A sentencing judge "can do no more, consistent with the Sixth Amendment, than determine what crime, with what elements, the defendant was convicted of.").

**III. Conclusion**

For the reasons set out above, the court finds the indictment sufficiently alleges a violation of 18 U.S.C. § 922(g)(1) and is not subject to dismissal under Rule 12(b)(3)(B)(v).

---

[2] Because the Court does not find Dawson's challenge ripe, it will not reach the merits of his categorical approach argument. In any event, the Court does not find *Cantu* supportive of his assertion that *any* 2002 or 2003 Oklahoma drug conviction fails to qualify as an ACCA predicate offense. [*See* ECF No. 27 at 3, arguing "if a single portion of Oklahoma's state drug schedule reaches substances not contained within the federal schedule, then any conviction under that overbroad drug schedule cannot be a predicate conviction supporting an ACCA enhancement." (citing *Cantu*, 964 F.3d at 926–28)]. Under *Cantu*, the Court is required to start with the statute of conviction and decide whether it is divisible before applying either the categorical or modified-categorical approach. 964 F.3d at 97–28. Although Dawson discusses 63 O.S. §§ 2-101-39 (2001) and 2-204(C)(3) (2001), he does not state he was convicted under either or provide any statute he violated that gave rise to his prior convictions. [ECF No. 20 at 5].

**IT IS THEREFORE ORDERED** that Dawson's Motion to Dismiss the Indictment [ECF No. 20] is DENIED.

DATED this 26th day of August, 2026.

Sara E. Hill
UNITED STATES DISTRICT JUDGE